U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
NOV 18 2013
CLERK, U.S. DISTRICT COURT
By ______ Deputy

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

**ARTHUR ROY MORRISON, 1492042,** )
**Petitioner,** )
)
**v.** ) **No. 3:13-CV-4476-L**
)
)
**JUDGE IRMA CARRILLO RAMIREZ,** )
**Respondent.** )

## FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636 (b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

## I. Background

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"). He filed this petition for a writ of mandamus and temporary restraining order.

Petitioner seeks a writ of mandamus and a restraining order to recuse and restrain magistrate judge Irma Carrillo Ramirez from issuing orders in Petitioner's habeas corpus case, *Morrison v. Williams*, No. 3:12-CV-4916-N (N.D. Tex.). Petitioner argues Judge Ramirez is biased against him.

## II. Discussion

The Mandamus Act, 28 U.S.C. § 1361, vests the district court with original jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *Giddings v. Chandler*, 979 F.2d 1104, 1108 (5th Cir. 1992); *see also United States v. Denson,* 603 F.2d 1143, 1146 (5th Cir. 1979) (A "writ of mandamus is an order directing a public official or public body to perform a duty exacted by law."). It "is an extraordinary remedy for extraordinary causes." *In re Corrugated Container Antitrust Litig. v. Mead Corp.,* 614 F.2d 958, 961-62 (5th Cir.1980) (internal citations and quotations omitted). To obtain the writ, the plaintiff must establish that: (1) he is clearly entitled to the relief requested; (2) the respondent has a clear duty to act; and (3) no other adequate remedy is available. *Herbert v. Exxon Corp.,* 953 F.2d 936, 938-39 (5th Cir. 1992); *In re Sessions*, 672 F.2d 564, 566 (5th Cir. 1982). The issuance of the writ is within the court's discretion. *Denson,* 603 F.2d at 1146.

To be entitled to a temporary restraining order, the applicant must show (1) a substantial likelihood of success on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his substantial injury outweighs the threatened harm to the other party, and (4) granting the restraining order will not disserve the public interest. *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009). The Fifth Circuit has stated that, "[A] preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements." *Id.* (quoting *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 195-

96 (5th Cir. 2003)).

Even when liberally construed, in light of his *pro se* status, Petitioner's pleadings do not present an arguable basis for the exercise of mandamus jurisdiction or entitlement to injunctive relief. Plaintiff has not established a clear right to recuse and/or enjoin Judge Ramirez. *See Dunn-McCampbell Royalty Interest, Inc. v. National Park Serv.*, 112 F.3d 1283, 1288 (5th Cir. 1997) (mandamus is available only where the plaintiff has a "clear and certain" right to relief); *Giddings,* 979 F.2d at 1108 (the defendant must owe a duty "so plainly prescribed as to be free from doubt" -- that is, a duty imposed by statute or the Constitution -- to perform a specific, nondiscretionary act). He has also failed to show a substantial likelihood of success on the merits. The district court has reviewed and adopted Judge Ramirez's Findings, Conclusions and Recommendation and has entered final judgment denying Petitioner's habeas corpus petition. Petitioner's petition for mandamus and motion for temporary restraining order are without merit and should be denied.

**RECOMMENDATION**

For the foregoing reasons, this Court recommends that the petition and motion for temporary restraining order be denied.

Signed this 18 day of November, 2013.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).