IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ARTHUR ROY MORRISON,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:13-CV-4476-L** |
| | § | |
| **JUDGE IRMA CARRILLO RAMIREZ,** | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the court are Arthur Roy Morrison's ("Plaintiff") Petition for Writ of Mandamus (Doc. 3), filed November 7, 2013; Plaintiff's Motion for Temporary Restraining Order (Doc. 8), filed November 7, 2013; and Plaintiff's Motion for Rehearing, filed December 9, 2013. The case was referred to Magistrate Judge Paul D. Stickney, who entered Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report"), on November 18, 2013, recommending that the court deny Plaintiff's Petition for Writ of Mandamus and Motion for Temporary Restraining Order. Plaintiff filed objections on December 9, 2013.

Plaintiff seeks a writ of mandamus and a restraining order to recuse and restrain Magistrate Judge Irma C. Ramirez from issuing orders in Plaintiff's habeas corpus case. Plaintiff contends that Judge Ramirez is biased against him. This court has already reviewed and adopted Judge Ramirez's Findings, Conclusions, and Recommendation, and entered final judgment denying Plaintiff's habeas corpus petition. Magistrate Judge Stickney determined that Plaintiff's pleadings do not present an arguable basis for the exercise of mandamus jurisdiction or entitlement to injunctive relief. In Plaintiff's objections, he "tenders his objection to Judge Stickney for operating without jurisdiction pursuant to 28 U.S.C. § 636" and contends that he "waived his right to proceed before a Judge in the

aforementioned enumeration mailbox rule attached and Judge denied Petitioner's motions for bench warrant and abate bond for TRO on 18 Nov. 13 ergo objected." Pl.'s Objections 1.  A judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, with a few exceptions.  28 U.S.C. § 636(b)(1)(A).  Motions for bench warrant and motions to abate bond do not fall under any of the exceptions listed in the statute.  Therefore, Judge Stickney had jurisdiction over Plaintiff's motions, and the objections are **overruled**.  Moreover, no legal grounds exist for the entry of mandamus or injunctive relief against a judicial officer.

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court **accepts** the magistrate judge's findings and conclusions as those of the court.  Accordingly, the court **denies** Plaintiff's Petition for Writ of Mandamus (Doc. 3) and Motion for Temporary Restraining Order (Doc. 8).  Furthermore, the court **denies as moot** Plaintiff's Motion for Rehearing (Doc. 13) and **dismisses** this action **with prejudice**.

**It is so ordered** this 20th day of December, 2013.

*[signature: Sam A. Lindsay]*

Sam A. Lindsay
United States District Judge